IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. MORRIS, : | |
| : | Case No. 2:15-CV-1342 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| : | |
| GULFPORT ENERGY CORPORATION, : | |
| *et al*, : | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court Plaintiff William Morris's Motion to Remand and for Attorneys' Fees (Doc. 8) ("Motion to Remand"). For the reasons stated herein, Plaintiff's Motion to Remand (Doc. 8) hereby is **GRANTED in part**. Plaintiff's request for attorneys' fees is **DENIED**.

### I.     BASIC BACKGROUND

This case involves a dispute over an oil and gas lease (the "lease") related to approximately 473 mineral acres located in Noble County, Ohio and owned by Plaintiff. (*Compl.*, Doc. 3, at 1). On April 17, 2015, Plaintiff Morris filed an action in the Noble County Court of Common Pleas against Defendants Gulfport Energy Corporation ("Gulfport") and Northwood Energy Corporation ("Northwood"). (Doc. 1-1; Doc. 3). Northwood, an Ohio corporation, is the party who assigned to Gulfport the interests Gulfport holds in the lease at issue, including the lease's "deep rights."[1] (*See* Doc. 8-3). Northwood retained and reserved a

---

[1] The parties define the "deep rights" as geographic formations 100 feet below the stratigraphic equivalent of the Queenston Shale formation.

1

working interest in the lease's "shallow rights."[2] (*Id*.). Northwood also retained an overriding royalty interest ("ORRI"), a non-operating interest, in the deep rights it assigned to Gulfport. (Doc. 11 at 2, 7).

Plaintiff alleged three counts in his complaint: (1) Count I for a declaratory judgment regarding the proper interpretation of the oil and gas lease at issue; (2) Count II for a temporary restraining order, prohibiting Gulfport and Northwood from including the leasehold estate "into more than a single oil and/or gas development unit not to exceed six hundred forty (640) acres"; and (3) Count III for a preliminary and permanent injunction. (Doc. 3).

On April 20, 2015, before the state court had taken any action in the case, Defendant Gulfport filed a Notice of Removal, removing the case from Noble County to the Southern District of Ohio. (Doc. 1). Gulfport claims that removal is proper because this Court has original diversity jurisdiction, despite the fact that Plaintiff Morris (an Ohio citizen and resident) and Defendant Northwood (an Ohio corporation) are both citizens of the State of Ohio. Defendant's Notice of Removal does not dispute Northwood's citizenship; instead, Gulfport claims that Defendant Northwood does not destroy complete diversity because Plaintiff fraudulently joined Northwood as a party to the state court action. (*Id*. at 1-2). The action was removed from the Noble County Court of Common Pleas on April 20, 2015. On April 28, 2015, the case was transferred to this Court as case related to another action pending before the Court, *Gulfport Energy Corp. v. Morris*, *et al*. Case No. 2:15-cv-635.[3]

---

[2] The parties define the "shallow rights" as geographic formations above 100 feet below the stratigraphic equivalent of the Queenston Shale formation.

[3] On February 19, 2015, Gulfport filed a declaratory judgment action (Case No. 15-cv-635) against Morris and Morris Institute, requesting a declaration by this Court that the lease authorizes Gulfport to "include the leased property in multiple drilling units." (*Compl*., Doc. 1, Case No. 15-cv-635). Gulfport filed an amended complaint against all defendants on April 20, 2015. (*Am. Compl*, Doc. 4, Case No. 15-cv-635).

2

On May 1, 2015, prior to any action on Plaintiff's request in its state court Complaint for a temporary restraining order against Defendants, Plaintiff filed a Motion to Remand and for Attorneys' Fees (Doc. 8), arguing that the action was improperly removed because this Court does not have jurisdiction to hear the case. (Doc. 8 at 5-7). Plaintiff also seeks an award of attorneys' fees, claiming that Defendant Gulfport's removal was groundless. (*Id*. at 7). The Court conducted a hearing on May 4, 2015 and determined it prudent first to decide the question of whether this Court has jurisdiction to hear the case before determining whether temporary injunctive relief is appropriate. (*See Order*, Doc. 10 at 2). At the hearing, the parties also agreed to an expedited briefing schedule on the issue of remand. (*Id*.). This Court also conducted a status conference with the parties on July 16, 2015 discussing this and other issues in this action. This matter is ripe for decision.

## II. LEGAL STANDARDS

### A. Removal

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. §1441, a defendant may remove a civil case brought in state court only when the plaintiff could have filed suit in federal court in the first place – that is, when the federal court would have original jurisdiction over the action. *See, e.g.*, *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013). The removing party bears the burden of showing that removal was proper. *Freedom Steel, Inc. v. Senn Freight Lines, Inc*., 2010 WL 395228, at *5 (N.D. Ohio Jan. 26, 2010).

For this Court to have original jurisdiction, either federal subject matter jurisdiction or diversity jurisdiction must exists. 28 U.S.C. § 1332. Where the removal is based on diversity jurisdiction, as in the present matter, diversity must be complete, meaning "that all parties on one

3

side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (internal quotations omitted); *see also Spizizen v. Nat'l City Corp.,* 516 F. App'x 426, 429 (6th Cir.2013). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal–Mart Stores, Inc.,* 695 F.3d 428, 432 (6th Cir.2012) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999)).

In order to prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne,* 183 F.3d at 492-93. The Sixth Circuit has established the following standard to make this determination:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne*, 183 F.3d at 493 (internal quotation marks and citation omitted); *see also Spizizen*, 516 F. App'x at 429. For the purpose of fraudulent joinder, a claim is "colorable" if "the state law might impose liability on the resident defendant under the facts alleged." *Kent State Univ. Bd. of Trustees*, 512 F. App'x at 489. (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The "colorable claim" standard in conjunction with the requirement that all ambiguities be resolved in favor of the non-moving party results in "a particularly heavy burden" for defendants attempting to prove fraudulent joinder. (*Id.*).

4

### B.  Ohio's Declaratory Judgment Act

Ohio's Declaratory Judgment Act, Ohio Rev. Code § 2721.12(A), provides that "all persons who have or claim any interest that would be affected by the declaration *shall* be made parties to the action or proceeding." A "party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a declaratory judgment." *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 125, 846 N.E.2d 478, 2006–Ohio–954, ¶ 99 (citing *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.,* 86 Ohio St.3d 318, 323, 715 N.E.2d 127 (1999)); *see also Pilch v. City of Cleveland*, No. 48163, 1984 WL 5237, at *2 (Ohio Ct. App. Oct. 11, 1984) (citing *Cincinnati v. Whitman*, 44 Ohio St. 2d 58 (1975)). Such a jurisdictional defect may not be waived. *Pilch*, 1984 WL 5237 at *2.

Whether an entity is a necessary party in an action for declaratory relief depends on whether that entity "has a legally protectable interest in rights that are the subject matter of the action." *Capital City Cmty. Urban Redevelopment Corp. v. Columbus*, No. 12AP–25, 2012 WL 6669612, at *3, 2012-Ohio-6025, ¶ 12 (Ohio Ct. App. Dec. 20, 2012) (citing *Rumpke Sanitary Landfill, Inc. v. Ohio,* 128 Ohio St.3d 41, 941 N.E.2d 1161, 2010–Ohio–6037, ¶ 15); *see also Quality Care Transp. v. Ohio Dep't of Job & Family Servs.*, 2010 WL 3835611, at *6, 2010-Ohio-4763, ¶ 33 (Ohio Ct. App. Oct. 1, 2010) ("As the Ohio Supreme Court observed…a person must be joined in a declaratory judgment action only if he or she is 'legally affected' by it. One is not legally affected by a judgment simply because it has a practical implication for him.") (internal citations omitted).

Where a party is required to be joined under § 2721.12, courts generally do not find that the party was fraudulently joined.  *See, e.g.*, *Polyone Corp. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*, No. 5:08 CV 1425, 2008 WL 4592927, at *6 (N.D. Ohio Oct. 14, 2008) (no fraudulent joinder where party's presence in declaratory judgment action under Ohio Rev.Code § 2721.12 was required); *Millennium Chemicals, Inc. v. Lumbermens Mut. Cas. Co.*, No. 1:00 CV 1862, 2001 WL 36515998, at *5 (N.D. Ohio Mar. 13, 2001) (same); *Superior Beverage Grp., Ltd. v. The Wine Grp., Inc.*, No. 4:10CV1971, 2010 WL 3664906, at *3 (N.D. Ohio Sept. 16, 2010).

### III.    PARTIES' ARGUMENTS

#### A.  Plaintiff Morris's Arguments

Plaintiff argues that complete diversity does not exist between the parties as required by 28 U.S.C. § 1332(a) to establish federal diversity jurisdiction in this action.  Plaintiff maintains that this case must be remanded to state court because Gulfport cannot meet its burden to demonstrate that Northwood was a fraudulently joined party.  To the contrary, Plaintiff insists, Northwood is a proper and necessary party to the action because, while Northwood assigned the lease's "deep rights" (geographic formations 100 feet below the stratigraphic equivalent of the Queenston Shale formation) to Gulfport, it retained and reserved a working interest in the lease's "shallow rights" (geographic formations above 100 feet below the stratigraphic equivalent of the Queenston Shale formation).  (Doc. 8 at 3).

Moreover, Plaintiff asserts that it was required to join Northwood as a party in the state action under Ohio's Declaratory Judgment Act, Ohio Revised Code § 2721.12.  (Doc. 15 at 4-5). Plaintiff maintains that because both Gulfport and Northwood have independent working interests in the Lease (deep and shallow rights, respectively), which are governed by the same

6

provisions in the Lease, "any declaration by this Court regarding the pooling provision of the Lease will necessarily affect both Gulfport's Deep Rights in the Lease and Northwood's Shallow Rights in the Lease in identical ways." (*Id*.). Thus, Plaintiff insists that Ohio law requires Northwood to be joined as a party. (*Id*.).

In sum, Plaintiff claims that not only is Northwood's joinder not fraudulent; rather, Northwood is a necessary party to the suit because its absence from the lawsuit would "impair or impede[] the party's ability to protect its interest in the litigation" and is required under O.R.C. § 2721.12. (Doc. 8 at 6; Doc. 15 at 4). For these reasons, Plaintiff argues, Northwood's presence is necessary and proper, and it destroys complete diversity, thereby depriving this Court of subject matter jurisdiction.

## B. Defendant Gulfport's Arguments

Defendant Gulfport, on the other hand, argues that Northwood's interest in the shallow rights is not at issue in Plaintiff's action; only the deep rights are implicated. Because Northwood assigned all of its rights in the deep rights to Gulfport, Gulfport asserts, Northwood thus has no operating or ownership interest in the formations or drilling units at issue. (Doc. 11 at 1, 4-5). Thus, Gulfport maintains, Plaintiffs have not stated a colorable claim against Northwood, Northwood is not a "necessary" or "indispensable" party under F.R.C.P. 19, and was fraudulently joined. Gulfport further claims that Northwood is not a "real party in interest" because it "has no actual interest or control" over what Gulfport maintains is the "subject matter of the litigation" – the development of the deep rights – because Northwood only retained an interest in the shallow rights and a non-operating royalty interest in the deep rights. (Doc. 11 at 6-7).

7

Gulfport argues in the alternative that, even if Northwood is necessary and indispensable, the Court should find "in equity and good conscience" that the action should proceed without it because Plaintiffs do not show or allege how they would be harmed by Northwood's absence. . (*Id*. at 14 -15). Gulfport does not refer to or make arguments about the applicability of O.R.C. § 2721.12.

### C. Defendant Northwood's Arguments

Defendant Northwood also filed a Memorandum in Opposition to Plaintiff's Motion to Remand. Northwood argues that: (1) Plaintiff's claims are barred by failure of condition precedent; (2) Plaintiff's claim for breach of contract is not ripe because the contract has not yet been breached; (3) Plaintiff's claim for declaratory relief does not present a case or controversy against Northwood; and (4) the related action filed by Gulfport in this Court (Case No. 15-cv-635) already has jurisdiction and under the "first-to-file rule," thus Plaintiff's Complaint in the present action is a compulsory counterclaim that must be brought with the related action under F.R.C.P. 13. (Doc. 12 at 3-6).

### IV. DISCUSSION

### A. Fraudulent Joinder

This Court finds that remand is warranted in this case because neither Defendant Gulfport nor Defendant Northwood has met the "particularly heavy burden" to show that Northwood was fraudulently joined in Plaintiff's state court action. Under Ohio Revised Code § 2721.12(A), Plaintiff was required to join Northwood as a party with a legally protectable interest that would be affected by the declaration. Ohio Rev. Code § 2721.12(A) (providing that "all persons who have or claim any interest that would be affected by the declaration *shall* be made parties to the action or proceeding."); *see also Capital City Cmty. Urban Redevelopment Corp.*, 2012 WL

6669612 at *3 (a necessary party under § 2721.12(A) is one with a "legally protectable interest" in the rights at issue in the action) (citing *Rumpke Sanitary Landfill, Inc. v. Ohio,* 128 Ohio St.3d 41, 941 N.E.2d 1161, 2010–Ohio–6037, ¶ 15).

Resolving all disputed questions of fact and ambiguities in the controlling state law in favor of non-movant Plaintiff, *Coyne*, 183 F.3d at 493, this Court finds that § 2721.12 required Plaintiff to bring its declaratory judgment action against Northwood. This conclusion is warranted for several reasons. First, it is undisputed that Northwood is still a party to the lease. It made a *partial* assignment to Gulfport of the lease's "deep rights," (*see* Doc. 8-3), and maintained its interest in the "shallow rights." As a result, a declaration about the proper interpretation of the lease plausibly will affect Northwood's legally protectable interests. In fact, such a result seems more than merely plausible here where it appears that Plaintiff seeks, among other things, interpretation of a specific lease provision – referred to by the parties as the "unitization" or "pooling" clause – governing the development of both Gulfport's deep rights *and* Northwood's shallow rights. Thus, Northwood's legally protectable interests would be implicated by a declaration of the meaning of the lease, and Ohio law requires Plaintiff to join Northwood as a necessary and interested party under § 2721.12.

The case *Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC* provides further support for the conclusion that Northwood's retention of a working interest in the lease establishes a "colorable basis" for Plaintiff to recover from Northwood. There, the Feisley Farms Family, L.P. ("Feisley") had entered into an oil and gas lease with Mason Dixon Energy, Inc. ("Mason Dixon"). Mason Dixon eventually assigned all right, title, and interest it held in the lease to Marquette Exploration, LLC ("Marquette"). Marquette later became Hess Ohio Resources, LLC ("Hess"). When Feisley brought a state court action asserting various claims

(including a declaratory judgment claim) related to the lease, it named as defendants both Mason Dixon and Hess. *Feisley Farms Family, L.P. v. Hess Ohio Res., LLC*, No. 2:14-CV-00146, 2014 WL 2453029, at *1 (S.D. Ohio June 2, 2014) *report and recommendation adopted sub nom. Feisly Farms Family, L.P. v. Hess Ohio Res., LLC*, No. 2:14-CV-146, 2014 WL 3828696 (S.D. Ohio Aug. 4, 2014) (Sargus, J.). The action was removed to this Court, and Feisley filed a motion to remand, arguing that the Mason Dixon's presence defeated diversity jurisdiction. *Id.*

The Magistrate Judge issued a Report and Recommendation on the motion to remand, in which he reasoned that because "Mason Dixon extinguished any interest in the lease when it assigned it to Hess," there was "no colorable basis for plaintiff to recover from Mason Dixon." *Id.* at *4. Accordingly, the Magistrate Judge concluded that Feisley had named Mason Dixon as a defendant simply to defeat subject matter jurisdiction. *Id.* The Report and Recommendation was adopted, and the motion to remand was denied. *Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC,* No. 2:14–cv–146, 2014 WL 3828696, at *1 (S.D.Ohio Aug.4, 2014) (Sargus, J.). In a later Opinion and Order, the District Judge explained that the Mason Dixon's assignment resulted in it having no remaining interests in the lease or relationship with Feisley. *See Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC,* No. 2:14-cv-146, 2014 WL 4206487, at *2-3 (S.D.Ohio Aug. 25, 2014) (Sargus, J).

It is clear that the Court in *Feisley* placed significant emphasis on whether Mason Dixon's assignment had "extinguished" its interest in the lease, or whether any interests in the lease were retained. Under this reasoning, a persuasive factor in determining whether a plaintiff has a colorable basis for recovery against an assignor-entity is whether the assignor retained interests in the lease at issue. *See also Rauh v. Viking Int'l Res. Co.*, No. 2:14-cv-2246, 2015 WL 1825655, at *2-3 (S.D. Ohio Apr. 22, 2015) (recognizing Feisley's emphasis on the fact that

an unqualified assignment extinguishes the rights of the assignor). This is the situation in the case *sub judice*.

Further, it is undisputed that Northwood maintains an overriding royalty interest in the lease, which entitles it to a portion of the proceeds that Gulfport will realize out of the development of the deep rights that Northwood assigned to Gulfport. During this Court's July 16, 2015 status conference, Defendant Gulfport confirmed that if this action went forward only between Plaintiffs and Gulfport, and Plaintiffs prevailed, such a decision would affect the amount of proceeds Northwood could receive based on its ORRI. Therefore, Northwood's ORRI is an additional legally protectable interest that may be affected by the declaration sought in Plaintiff's action, further support for the conclusion that Northwood is a necessary party to Plaintiff's action. *See generally Antolak v. Solid Rock Energy, Inc.*, No. 2:12-CV-429, 2013 WL 785270, at *4 (S.D. Ohio Mar. 1, 2013) (Watson, J.) (determining that the overriding royalty interests owners had a stake in the outcome of the underlying action regarding the termination of the lease at issue; noting that the ORRI owners would have standing to defend their interests and likewise would be proper subjects of an affirmative claim for relief; and ultimately deciding that, at the very least, there was a "substantial argument" that plaintiff's claim against the ORRI owners was proper under Ohio law, which is all that was necessary to support the conclusion that they were not fraudulently joined).

The Sixth Circuit's approach to fraudulent joinder also informs this conclusion. The Sixth Circuit makes clear that "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.' " *Kent State Univ. Bd. of Trustees*, 512 F. App'x at 489 (quoting *Coyne*, at 492–93). This Court cannot say that either Defendant has established as much here, where Ohio law not only

11

allows Plaintiff to establish a cause of action against Northwood, but actually mandates Northwood's joinder under O.R.C. § 2721.12. Further, Defendant Gulfport asks this Court to read Plaintiff's complaint as only seeking relief related to the development of the deep rights; however, this Court cannot find grounds to support such a narrow reading from the language of the Complaint. Moreover, to the extent that there is ambiguity, this Court is required to resolve disputed factual questions in Plaintiff's favor; indeed, "all doubts as to the propriety of removal are to be resolved in favor of remand." *See Kent State Univ. Bd. of Trustees*, 512 F. App'x at 489; *Coyne*, 183 F.3d at 493.

Defendant Northwood's assertion that the "first-to-file" rule controls here is unavailing. The first-to-file rule generally "encourages comity among *federal* courts of equal rank." *AmSouth Bank v. Dale,* 386 F.3d 763, 791 n. 8 (6th Cir.2004) (internal quotation omitted) (emphasis supplied). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different *district* courts, 'the court in which the first suit was filed should generally proceed to judgment.' " *Zide Sport Shop*, 16 F. App'x at 437 (internal quotation omitted) (emphasis supplied). Generally, the question in "first-to-file" cases is which district court the case should proceed in front of; not whether the case is properly before the district court in the first place. In the present action, the situation is very different: here, an action was filed by Defendant Gulfport this district, over which this Court properly had subject matter jurisdiction; subsequently, a separate action was filed by Plaintiffs in state court and then removed to this Court, with a dispute as to whether jurisdiction is proper. By arguing that the first-to-file rule applies, Northwood seems to be attempting to fit a square peg into a ground hole.

Even if the first-to-file rule applies here, however, it "is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory

judgment." *AmSouth Bank,* 386 F.3d at 791 n. 8.  As the Sixth Circuit has explained, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands."  *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.,* 16 F. App'x 433, 437 (6th Cir. 2001) (internal citations omitted).  The remainder of Northwood's arguments, *see* Part III.C, *supra*, do not provide support sufficient to overcome Ohio's statutory requirement under O.R.C. § 2721.12 or the Court's rationale for finding Northwood is a party with legally protectable interests in Plaintiff's action, set forth above.

In conclusion, for the foregoing reasons, this Court finds that Northwood was not fraudulently joined in Plaintiff's state action.  Therefore, removal is improper.  Northwood's presence in this action destroys complete diversity and deprives this Court of subject matter jurisdiction.  This case is remanded to the Noble County Court of Common Pleas for future proceedings.

### B.  Attorneys' Fees

An improperly removed case must be remanded, and the order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).  Plaintiff requests attorneys' fees here.  Gulfport disputes this request.

As the Sixth Circuit has stated:

> The language of the remand statute "places an award of costs and attorney fees ... squarely within the discretion of the district court, but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136–37, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)." *Warthman,* 549 F.3d at 1059. In *Martin,* the Supreme Court limited a district court's discretion to award fees, absent unusual circumstances, to those cases where "the removing party lacked an *objectively reasonable* basis for seeking removal." 546 U.S. at 141, 126 S.Ct. 704 (emphasis added). "This court has similarly instructed that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some*

13

>finding of fault with the defendant's decision to remove." *Warthman,* 549 F.3d at 1059–60 (quoting *Bartholomew,* 409 F.3d at 687).
>
>…
>
>The objective reasonableness standard, however, does not require a showing that the defendant's position was "frivolous" or "without foundation." *Martin,* 546 U.S. at 138–39, 126 S.Ct. 704 (rejecting the formulation applied for defendants' recovery of fees in civil rights cases under 42 U.S.C. § 1988). Among other factors, objective reasonableness may depend on "the clarity of the law at the time the notice of removal was filed." *Lott v. Pfizer,* 492 F.3d 789, 792 (7th Cir.2007); *see also Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1066 (9th Cir.2008).

*Kent State Univ. Bd. of Trustees*, 512 F. App'x at 488-89.

Here, Plaintiff does not make any argument about, or adduce any evidence as to why Defendant Gulfport's removal was objectively unreasonable. Plaintiff merely argues that removal was improper, and then requests attorneys' fees be awarded. Under the circumstances here, using this Court's discretion as limited by the Supreme Court's guidance, this Court finds that an award of attorneys' fees is unwarranted in this matter. Plaintiff's request for attorneys' fees is hereby DENIED.

## V. CONCLUSION

For the above-stated reasons, Plaintiff's Motion to Remand (Doc. 8) hereby is **GRANTED in part**. Plaintiff's request for attorneys' fees is **DENIED**. This case is **REMANDED** to the Noble County Court of Common Pleas and hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                     s/Algenon L. Marbley
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATE:  July 16, 2015**